UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE** | **CIVIL ACTION NO. 6:16-CV-1127** |
| | **SECTION P.** |
| **VS.** | |
| | **CHIEF JUDGE DEE D. DRELL** |
| **LOUISIANA STATE PENITENTIARY, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Pro se petitioner Brandon Lavergne is an inmate in the custody of the Louisiana Department of Corrections. He is confined at the Louisiana State Penitentiary, located in Angola, Louisiana, where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish in the murder of Michaela Shunick and Lisa Pate. In this petition, however, he attacks his February 25, 2000, conviction for aggravated oral sexual battery and the ten year imprisonment by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana. Petitioner asks this Court to vacate his 2000 conviction, which he asserts will prove that his current murder conviction and confinement are "equally invalid." [Rec. Doc. 4, p. 15] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and **TRANSFERRED** to the United States Fifth Circuit Court of Appeal.

*Law and Analysis*

This Court's records demonstrate that Lavergne has filed two previous federal petitions for writ of habeas corpus in which he attacked the February 25, 2000, conviction for aggravated oral

sexual battery and the ten year imprisonment by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana. The first, *Brandon Scott Lavergne v. Warden, C. Paul Phelps Corrections Center*, No. 6:04-CV-1975 (W.D. La. 2004), was denied and dismissed with prejudice on March 24, 2005, because the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. §2244(d). Petitioner's appeal was dismissed by the United States Fifth Circuit Court of Appeals on June 8, 2005. *Brandon Scott Lavergne v. Warden, C. Paul Phelps Corrections Center*, No. 05-30485 (5th Cir. 6/8/2005)(unpublished).

The second, *Brandon Scott Lavergne v. Louisiana State Penitentiary*, No. 6:14-CV-2502 (W.D. La. 2014), was dismissed for lack of jurisdiction on September 17, 2014. The Court determined that petition was a second or successive petition and, because the petitioner had not received prior authorization to file same, in accordance with 28 U.S.C. 2244(b)(3)(A), the Court was without jurisdiction to proceed. Petitioner's Certificate of Appealability was denied by the Court on September 29, 2014. The United States Fifth Circuit Court of Appeals denied petitioner's Motion for Certificate of Appealability, and related motions, on May 18, 2015. *Brandon Scott Lavergne v. Louisiana State Penitentiary*, No. 14-31128 (5th Cir. 5/18/15)(unpublished).

The instant petition, which again seeks to attack the 2000 conviction, was filed on July 27, 2016. While petitioner does allege new evidence discovered since his previous filing, this is the THIRD petition for *habeas corpus* filed by this petitioner attacking his conviction for aggravated oral sexual battery and the ten year imprisonment by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana. As noted above, petitioner's first petition for *habeas corpus* was dismissed with prejudice as time-barred, however, a *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive

petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir.2009). His second petition was dismissed as it was second and successive and petitioner had not received prior authorization from the Court of Appeals to file same.

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and thus, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

**IT IS FURTHER RECOMMENDED** that petitioner's Motion for Relief by Audita Querela

[Rec. Doc. 6] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Lafayette, Louisiana, January 11, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

4